UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11338-RWZ

DREW COMPANY, INC.

v.

CHAD WOLF ET AL.[1]

MEMORANDUM & ORDER

Zobel, S.D.J.

Plaintiff Drew Company, Inc. ("Drew") challenges the denial of an H-1B nonimmigrant specialty worker visa ("H-1B visa") application submitted on behalf of one of its employees, Oleksii Vekla. Drew moves for summary judgment (Docket No. 20) and defendants, Secretary of Homeland Security ("DHS") Chad Wolf, the United States Citizenship and Immigration Services ("USCIS"), and Director Laura B. Zuchowski of USCIS's Vermont Service Center (collectively "defendants" or "USCIS"), filed cross-motion for summary judgment (Docket No. 18). For the following reasons, plaintiff's motion is **ALLOWED**, and defendants' motion is **DENIED**.

I.  **BACKGROUND**

The facts are not in dispute. According to the Administrative Record, plaintiff is a privately held real estate development, management and consulting firm located in Boston, Massachusetts that oversees a broad range of ventures spanning real estate, hospitality, technology and entrepreneurial investments. It develops and operates

---

[1] Pursuant to Rule 25(d), Chad Wolf has been substituted for Kevin K. McAlaneen as Secretary of Homeland Security.

1

hospitality venues, convention and exhibition centers, entertainment facilities and trade centers world-wide. Drew has a large international clientele and works with more than 60 countries on a regular basis.

Mr. Vekla is a 27-year-old native and citizen of Ukraine. Prior to entering the United States, he obtained a bachelor's and a master's degree in International Economics and Management Faculty from Kyiv National Economics University in Ukraine. In August, 2015, he entered the United States with an F-1 student visa to pursue further education in the United States. Two years later, he obtained his Master of Science Degree in Global Studies and International Relations from Northeastern University in Boston, Massachusetts and, in May, 2017, he began work at Drew as a Market Research Analyst.

Thereafter, in the first week of April, 2018, Drew filed a visa petition for Oleksii Vekla to change his status from F-1 student with Optional Practical Training (OPT) to the H-1B visa category. Prior to that filing, plaintiff had obtained a certified Labor Condition Application (LCA) from the Department of Labor (DOL) on which it used the job tile, "Market Research Analyst" and the corresponding SOC (O'NET/OES) Code of 13-1161.

By notice dated October 30, 2018, USCIS issued a Request for Evidence (RFE) asserting that plaintiff did not explain how its requirement for a bachelor's degree in Economics, Political Economy, Business or International Trade, "is directly related to the duties and responsibilities of the proffered position and/or how each of the fields of study under this generalized heading would relate to the duties and responsibilities of

2

the proffered position." Drew timely complied with the RFE, but, on February 27, 2019, USCIS denied plaintiff's H-1B visa petition.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party'" Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)).

"Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Ferguson v. Gen. Star Indem. Co., 582 F.Supp.2d 91, 98 (D. Mass. 2008) (alteration in original) (quoting Adria Int'l Grp., Inc. v. Ferré Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001)). "When facing cross-motions for summary judgment, a court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule 56." Id. (quoting Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc., 761 F.Supp. 194, 197–98 (D. Mass. 1991)).

### B. Judicial Review Under the APA

Drew has filed this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. Under the APA, USCIS's decision declining to issue an H-1B visa to Drew is a final agency action that may only be reversed if it is "arbitrary, capricious,

3

an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Under this deferential standard, "a court is not to substitute its judgment for that of the agency," Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983), "even if it disagrees with the agency's conclusions," River St. Donuts, LLC v. Napolitano, 558 F.3d 111, 114 (1st Cir. 2009). Instead, courts "are required to determine whether the agency's decision is supported by a rational basis, and if so, [they] must affirm." Id. (citing Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc., 419 U.S. 281, 290 (1974)) (noting that "[a]n agency's determination is arbitrary and capricious if the agency lacks a rational basis for making the determination or if the decision was not based on consideration of the relevant factors").

## III. DISCUSSION

Plaintiff contends that USCIS abused its discretion in denying Drew's H-1B visa petition. Specifically, it submits that USCIS reached a decision not supported by the evidence when the agency determined that Drew had failed to sustain its burden of proving that the proffered position qualifies as a "specialty occupation." For the reasons discussed below, this court finds that USCIS's decision constitutes an abuse of discretion.

### A. H-1B Visas

The Immigration and Nationality Act ("INA") permits qualified non-citizen temporary workers to work in the United States if they are sponsored by an employer in a "specialty occupation." 8 U.S.C. § 1101(a)(15)(H)(i)(b). A specialty occupation is defined as "an occupation that requires (A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher

4

degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1); see also 8 C.F.R. § 214.2(h)(4)(ii) (a "[s]pecialty occupation . . . requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including . . . business specialties . . . and . . . requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent").

An employer can establish that a position is a specialty occupation by showing that it meets one of four criteria:

1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

3) The employer normally requires a degree or its equivalent for the position; or

4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

### B. The Position in This Case

The parties agree that the only issue before the Court is whether Drew's Market Research Analyst position qualifies as a "specialty occupation" under the statutory and regulatory framework. USCIS based its denial of Drew's H-1B application on the ground that the Market Research Analyst job does not require a bachelor's degree or higher in a "specialized field," nor do similar firms impose such a requirement. Drew argues that

USCIS misconstrued the regulatory framework and that, in fact, Drew's proffered position meets all four criteria under 8 C.F.R. § 214.2(h)(4)(iii)(A).

In order to determine whether plaintiff's Market Research Analyst is a specialized occupation, the court must look to the record. Here, Drew's posting shows that it sought a Market Research Analyst who would "coordinate all aspects of WPG [WebPort Global] with a particular focus on international research and promotion." The Analyst would "directly participate in the loading, indexing and publishing of WPG content with a specific focus on Eastern Europe, Russia and China" and "conduct foreign language content validation (Russia, Ukrainian)." In addition to a degree in Economics, Political Economy, Business or International Trade, the position required "prior knowledge of the Eastern European economic environment." These requirements collectively are sufficient to show that a bachelor's degree or higher in a specialized occupation or its equivalent was necessary for the job (Criteria One and Three) and that the job was so complex that it could only be performed by an individual with, at minimum, a bachelor's degree in a specific specialty or its equivalent (Criteria Two and Four).

Furthermore, the position announcements offered into evidence show that a Market Research Analyst must have a relevant, technical bachelor's degree accompanied by specific experience in market research and data analysis (Criterion Two). This required combination of a technical degree and specific experience distinguishes the job from those at issue in the cases relied on by USCIS. See, e.g. Irish Help at Home LLC v. Melville, 679 F. App'x 634 (9th Cir. 2017) ("Deputy Controller" is not a specialized occupation); Caremax Inc. v. Holder, 40 F. Supp. 3d 1182, 1188–89 (N.D. Cal. 2014) ("Public Relations Specialist" is not a specialized occupation).

6

Based on this record, Drew's Market Research Analyst was a specialty occupation that met all four criteria under 8 C.F.R. § 214.2(h)(4)(iii)(A). USCIS has failed to "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (internal quotation omitted). It thus abused its discretion in reaching a decision that was not in accordance with its own interpretation of the statutory and regulatory framework, and its decision is reversed.

## IV. CONCLUSION

The plaintiff's motion for summary judgment (Docket No. 20) is **ALLOWED**. The defendants' cross-motion (Docket No. 18) is **DENIED**. Judgment may be entered for the plaintiff.

**So ordered.**

    January 6, 2021
         DATE

                      RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE